# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 10-3241

————

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * Eastern District of Missouri. |
| Markietta Harvey, | * |
| | * [UNPUBLISHED] |
| | * |
| Appellant. | * |

————

Submitted: April 15, 2011
Filed: August 8, 2011

————

Before RILEY, Chief Judge, BENTON and SHEPHERD, Circuit Judges.

————

PER CURIAM.

Markietta Harvey pled guilty to conspiracy to defraud, in violation of 18 U.S.C. § 371, and aggravated identify theft, in violation of 18 U.S.C. § 1028A. The district court[1] sentenced Harvey to 70 months imprisonment. Harvey appeals her sentence, contending that the district court erred in applying an obstruction of justice

---

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

enhancement under the Guidelines.  <u>See</u> United States Sentencing Commission, <u>Guidelines Manual</u>, §3C1.1.  We affirm.

## I.

Harvey joined an identity-theft ring organized by her boyfriend Stephen Baldwin.  The group opened credit accounts to obtain goods and services under stolen identities, then sold the fraudulently obtained items for cash.  To accomplish this, group members were provided with a counterfeit state identification card and the personal information of the individual whose identity had been stolen.  Several group members would travel together from Illinois to Missouri to open accounts and obtain merchandise.  While on one such trip, Harvey and the other group members were apprehended.

Harvey pled guilty to aggravated identity theft and conspiracy to defraud.  For the aggravated identity theft count, the district court imposed the statutorily mandated 24 months imprisonment, <u>see</u> 18 U.S.C. § 1028A(a)(1), (b)(2).  For the conspiracy to defraud count, the district court calculated an adjusted offense level of 17, then added two levels for obstruction of justice under section 3C1.1.  Based on an offense level of 19 and a criminal history category IV, the court calculated a Guidelines range of 46 to 57 months imprisonment and imposed a sentence of 46 months to be served consecutively with the 24-month term.

## II.

Harvey challenges the district court's decision to impose the obstruction of justice enhancement, contending that the district court erred in finding that she attempted to intimidate a witness in her case because none of the Government's proffered evidence showed intent. We defer to the district court's decision to impose an obstruction of justice enhancement unless the court makes insufficient findings.

United States v. Cunningham, 593 F.3d 726, 730 (8th Cir. 2010). "The district court must find the predicate facts supporting an enhancement for obstruction of justice by a preponderance of the evidence, and we review those findings for clear error." United States v. Montes-Medina, 570 F.3d 1052, 1061 (8th Cir. 2009).

The obstruction of justice enhancement applies when the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S.S.G. §3C1.1. The commentary to section 3C1.1 explains that "threatening, intimidating, or otherwise unlawfully influencing" a witness "directly or indirectly, or attempting to do so," is conduct that warrants the obstruction of justice enhancement. U.S.S.G. §3C1.1 comment. (n.4).

Based on the testimony of Terrick Harvey, Harvey's brother and one-time member of the identity-theft ring, the district court found that Harvey attempted to intimidate Terrick. The testimony reflected that Harvey sent a letter to Otis Morgan, one of Terrick's fellow inmates in the Phelps County Jail, and informed him that Terrick planned to testify against her. Morgan then approached Terrick and warned him against testifying because doing so would jeopardize Terrick's safety. The district court credited Terrick's testimony, and the "court's assessment of witness credibility is virtually unassailable on appeal." United States v. Harris, 493 F.3d 928, 932 (8th Cir. 2007).

Harvey nevertheless contends that Terrick's testimony was insufficient to prove Harvey's intent because it only showed that Harvey sent the letter, not that she intended to intimidate or threaten Terrick by doing so. This argument fails, however, because we have long held that intent may be proven with circumstantial evidence.

See <u>United States v. Dvorak</u>, 617 F.3d 1017, 1023-24 (8th Cir. 2010), <u>cert. denied</u>, 131 S. Ct. 1539 (2011).  Accordingly, the district court did not clearly err.[2]

In addition, we modify the judgment in this case to correct a clerical error; Harvey is guilty of violating 18 U.S.C. § 371, rather than "18 U.S.C. § 3711." <u>See</u> 28 U.S.C. § 2106 (providing that an appellate court may modify any judgment brought before it for review).

### III.

We affirm the sentence imposed by the district court and modify the judgment to reflect that Harvey is guilty of violating 18 U.S.C. § 371.

_____

---

[2]We do not reach Harvey's additional argument regarding acceptance of responsibility because it is predicated on the reversal of the district court's application of the obstruction of justice enhancement, and Harvey acknowledges that hers is not an "extraordinary case" warranting the application of both the obstruction of justice enhancement and the acceptance of responsibility reduction, <u>see</u> U.S.S.G. §3E1.1 comment. (n.4).